Marshall Meyers (020584)
WEISBERG & MEYERS, LLC
5025 North Central Ave., #602
Phoenix, AZ 85012
602 445 9819
866 565 1327 facsimile
mmeyers@AttorneysForConsumers.com
Attorney for Plaintiff

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ryan Pearson, | ) Case No. |
| | ) |
| Plaintiff, | ) **COMPLAINT AND TRIAL BY JURY** |
| | ) **DEMAND** |
| vs. | ) |
| | ) |
| National Credit Systems, Inc., | ) |
| | ) |
| | ) |
| Defendant. | ) |

## I. INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices. Plaintiff further alleges a claim for invasion of privacy ancillary to Defendant's collection efforts.

## II. JURISDICTION

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d).

## III. PARTIES

3. Plaintiff, Ryan Pearson, is a natural person residing in Maricopa County.

4. Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a(3).

5. Defendant, National Credit Systems, Inc. is a corporation engaged in the business of collecting debts by use of the mails and telephone, and Defendant regularly attempts to collect debts alleged to be due another.

6. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6) trying to collect a "debt" as defined by 15 U.S.C. §1692(a)(5).

## IV.  FACTUAL ALLEGATIONS

7. At various and multiple times prior to the filing of the instant complaint, including within the one year preceding the filing of this complaint, Defendant contacted Plaintiff in an attempt to collect an alleged outstanding debt. Defendant's conduct violated the FDCPA in multiple ways, including but not limited to:

> a) Communicating or threatening to communicate credit information which is known or which should be known to be false, including continuing to report the alleged debt to credit reporting agencies, despite the fact that NCS was no longer authorized to collect the alleged debt or to make such reports.  NCS was hired by The Club at Coldwater Springs, Plaintiff's ex-landlord, to collect back rent and other charges allegedly incurred through breach of a lease agreement.  Beginning on or about June 8, 2008, Defendant began contacting Plaintiff to collect the alleged debt.  On September 11, 2008, The Club at Coldwater Springs filed a legal action against Plaintiff to recover the alleged debt, and obtained a judgment against Plaintiff on September 19, 2008.  Even after the judgment was obtained, Defendant continued to report the debt to Plaintiff's credit report.  Plaintiff made a written dispute to Transunion, a credit bureau, in or around May, 2009.  Transunion verified the account through NCS, with NCS stating that the account was still valid.  However, just 1 month after the account was verified as accurate, Defendant sent Plaintiff a letter dated July 10, 2009, which stated that Plaintiff no longer owed NCS and that his balance was zero.  To Plaintiff's knowledge, nothing changed between June, when NCS verified the account as accurate with Transunion, and July, 2009, when Defendant notified Plaintiff that his balance was zero, which begs the conclusion that Plaintiff really did not owe the debt in June,

2009, either and that Defendant should not have verified the debt at that time (§ 1692e(8));

b) Using false representations and deceptive practices in connection with collection of an alleged debt from Plaintiff, including sending Plaintiff a letter stating that his balance was zero, where Defendants client had actually obtained a judgment against him before that time. When Plaintiff received Defendants July, 2009, letter notifying him that his account had a zero balance, Plaintiff was led thereby to believe that he no longer owed the alleged debt at all. Defendant could have merely stated that the account had been pulled back by the creditor and they were no longer authorized to collect the account, which would not have misled Plaintiff. Instead, Defendant stated quite clearly that Plaintiff's balance equaled zero, leading Plaintiff to believe that he no longer owed the debt, a belief which prejudiced him in that the balance on the judgment against him continued to accrue until he found out, only later, that the creditor had a judgment and intended to garnish his wages (§ 1692e(10));

c) Using false representations and deceptive practices in connection with collection of an alleged debt from Plaintiff, including stating that Plaintiff had a zero balance in July, 2009, but later stating in a telephone call on December 1, 2009, that Plaintiff continued to owe Defendant $4672.01. As stated, after having received and read Defendants July, 2009, letter, Plaintiff believed thereafter that the debt had been voluntarily discharged by the creditor, since the letter stated that his balance equaled zero. Eventually, however, Plaintiff discovered that the creditor had obtained a judgment against him, when he received notice of a garnishment of his wages. Plaintiff called Defendant immediately after being informed of the garnishment, to inquire as to the status of his account. During this phone call, which took place on or about December 1, 2009, Defendant stated that Plaintiff continued to owe Defendant $4672.01. It appears, based on these facts, that Defendant's zero balance letter was false or misleading, in that it led Plaintiff to believe the debt was entirely gone and in that Defendant represented it had stopped collecting when it really had not (§ 1692e(10)).

## COUNT I: VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT

8.    Plaintiff reincorporates by reference all of the preceding paragraphs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

A. Declaratory judgment that Defendant's conduct violated the FDCPA;

B. Actual damages;

C. Statutory damages;

D. Costs and reasonable attorney's fees; and,

E. For such other and further relief as may be just and proper.

**PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY**

Respectfully submitted this 8th day of March, 2010

By: s/ Marshall Meyers
Marshall Meyers (020584)
WEISBERG & MEYERS, LLC
5025 North Central Ave., #602
Phoenix, AZ 85012
602 445 9819
866 565 1327 facsimile
mmeyers@AttorneysForConsumers.com
Attorney for Plaintiff