**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ryan Pearson, ) | CV 10-526-PHX-MHM |
| ) | |
| Plaintiff, ) | **ORDER** |
| ) | |
| vs. ) | |
| ) | |
| ) | |
| National Credit Systems, Inc., ) | |
| ) | |
| Defendant. ) | |
| ) | |
| ) | |

Pending before the Court is Plaintiff Ryan Pearson's Motion for Attorney's Fees. (Doc. 16). Having reviewed the motion and memorandum in support, as well as the responses and replies thereto, the Court issues the following Order.

**I.     Factual and Procedural Background**

This case arises under the Federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq* ("FDCPA"). National Credit Systems, Inc. ("Defendant"), a corporation engaged in the practice of debt collection, contacted Ryan Pearson ("Plaintiff") in the course of attempting to collect a debt owed to Defendant's client. Defendant allegedly contacted Plaintiff and communicated or threatened to communicate credit information it knew or should have known to be false, including continuing to report the alleged debt to reporting agencies, despite the fact that Defendant was no longer authorized to collect the alleged debt or to make such reports. Defendant also allegedly mislead Plaintiff into believing that the


creditor voluntarily discharged Plaintiff's debt by telling Plaintiff that his balance was zero, when the creditor actually obtained a judgement against Plaintiff and was garnishing his wages. Plaintiff brought this lawsuit, seeking damages pursuant to the FDCPA.

On July 2, 2010, Plaintiff accepted Defendant's offer of judgment in the amount of $1001.00. The Offer of Judgment specifically provided:

> National Credit Systems, Inc., (the "Defendant" or "National") by and through its counsel, hereby offers to allow judgment to be taken against it in favor of Plaintiff Ryan Pearson, (the "Plaintiff") as follows: 1) Judgment shall be entered in the total amount of One Thousand One Dollars ($1,001.00), as against National; 2) In addition, Plaintiff's costs and reasonable attorney's fees *now accrued* are to be added to the judgment as against National; said fees and costs shall be as are agreed to between counsel for the parties, or if they are unable to agree, as determined by the Court upon motion;

(Doc. 13-1) emphasis added.

On July 7, 2010, the Clerk entered Judgment in favor of Plaintiff in the amount of $1001.00. (Doc. 14). The Clerk subsequently awarded taxable costs of $425.00 to Plaintiff. (Doc. 21). On July 21, 2010 Plaintiff filed a Motion for Attorney's Fees, (Doc. 16), pursuant to the FDCPA. On August 6, 2010, Defendant responded in opposition. (Doc. 17). On August 12, 2010, Plaintiff replied and requested supplemental fees of $568.00 for time incurred in responding to Defendant's Opposition to Plaintiff's Petition for Attorney's Fees and Costs. (Doc. 18). Plaintiff seeks attorney's fees in the amount of $4,694.50, supplemental fees in the amount of $568.00[1], and court costs in the amount of $425.00. Defendant objects on the ground that the amount of attorney's fees requested is unreasonable. Specifically, Defendant argues that the fees accrued after the offer of judgment was accepted are not recoverable in light of the express language offering attorney's fees and costs up to July 2, 2010. Defendant, therefore, requests that $1,026.50, which is the amount billed by Plaintiff after July 2, 2010, be denied.

## II. Standard of Review

---

[1] The supplemental fees are the attorney's fees that were billed by Plaintiff in connection to this motion.

- 2 -

1    Attorney's fees for claims brought pursuant to the FDCPA are governed by 15 U.S.C. § 1692k(a), which provides that "any debt collector who fails to comply . . . is liable to such person in an amount equal to the sum of . . . the costs of the action, together with a reasonable attorney's fee as determined by the court . . ." 15 U.S.C. § 1692k(a). A party who accepts an offer of judgment that does not specifically waive the party's right to collect attorney's fees may pursue attorney's fees. Nusom v. Comh Woodburn, Inc., 122 F.3d 830, 833 (9th Cir. 1997). The award of "reasonable" attorney's fees to a successful litigant is considered mandatory under the FDCPA. See Graziano v. Harrison, 950 F.2d 107, 113 (3d Cir. 1991) (an award of attorney's fees is a means of realizing Congressional intent that its provisions be enforced by debtors acting as "private attorneys general"); Baker v. G.C. Services Corp., 677 F.2d 775, 780 (9th Cir. 1982) (successful debtor entitled to attorney's fees despite absence of actual damages).

The Ninth Circuit has held that "[d]istrict courts must calculate awards for attorney's fees using the lodestar method." Ferland v. Conrad Credit Corp., 244 F.3d 1145, 1149 n.4 (9th Cir. 2002); see also Van Gerwen v. Guarantee Mutual Life Co., 214 F.3d 1041, 1044 (9th Cir. 2000) (holding that lodestar amount is presumptively the reasonable fee amount). "The 'lodestar' is calculated by multiplying the number of hours the prevailing party **reasonably** expended on the litigation by a **reasonable** hourly rate." Ferland, 244 F.3d at 1149 (emphasis added). The Court "should exclude from the lodestar amount hours that are not reasonably expended because they are "excessive, redundant, or otherwise unnecessary.'" Van Gerwen, 214 F. 3d at 1041.

**II.    Discussion**

Because the parties agree that an award of attorney's fees is proper, the only question for this Court is how much in attorney's fees should be awarded to Plaintiff.

Plaintiff seeks attorney's fees in the amount of $4694.50, supplemental fees in the amount of $568.00, and court costs in the amount of $425.00. In an affidavit supporting their claim for attorney's fees, Plaintiff's attorneys itemize 8.1 hours spent on this case by attorney Marshall Meyers, 0.4 hours spent on this case by attorney Dennis Kurz, 2.0 hours spent on

this case by Joshua Trigsted, 9.3 hours spent on this case by lawclerk Cody Huffaker, 7.4 hours spent on this case by paralegals, Kimberly Larson, Tremain Davis, and Jessica Decandia; and 0.5 hours spent on this case by legal assistant Steve Perez. They have also submitted affidavits from consumer litigation attorneys stating that the attorney's and paralegal's hourly rates are reasonable and the attorney's rates are even lower than the average consumer attorney litigating in the federal courts. Plaintiff also seeks $568.00 in additional fees for time incurred in responding to Defendant's Opposition to Plaintiff's Petition for Attorney's Fees and Costs. Defendant objects to Plaintiff's fee request because (1) the total amount of hours Plaintiff's attorneys spent on the case is excessive and (2) the offer of judgment did not entitle Plaintiff to attorney's fees after the time the offer of judgment was accepted by him and includes the work performed on the attorney's fees motion.

The Court turns first to whether Plaintiff is entitled to fees for work accrued after he accepted the offer of judgment, which includes the instant motion. As a general rule, time spent establishing entitlement to a fee award is compensable. Clark v. City of Los Angeles, 803 F.2d 987, 992 (9th Cir. 1986) (citations omitted). However, a settlement offer or an offer of judgment may be conditioned upon the waiver of fees. Evans v. Jeff D., 475 U.S. 717, 737-38 (1986). Accepting such an offer constitutes waiver, but only if the waiver is "clear and unambiguous." Erdman v. Cochise County, Ariz., 926 F.2d 877, 880 (9th Cir. 1991) (citations omitted). The "usual rules of contract construction" apply to interpreting the terms of a Rule 68 settlement offer. Herrington v. County of Sonoma, 12 F.3d 901, 907 (9th Cir. 1993). For example, in Guerrero v. Cummings, the Ninth Circuit upheld a district court's decision to deny attorney's fees after the date the plaintiff accepted the defendant's offer of judgement since the offer of judgement provided only for, "fees and costs incurred . . . prior to the date of this offer." 70 F.3d 1111 (9th Cir. 1995). As a result, the court refused to award attorney's fees to the plaintiff for time incurred in litigating his entitlement to attorney's fees. Id. (citing Marek v. Chesny, 473 U.S. 1,6 (1985) (stating that even though there may be post-offer proceedings, the terms of the offer control the cut-off of attorney's

1  fees, not the terms of Rule 68)). In the instant case, the offer of judgment clearly states that
2  Defendant was only offering "Plaintiff's cost and reasonable attorney fees **now accrued**."
3  (Doc. 13-1 (emphasis added)). The Court finds that the language of the offer of judgment is
4  clear and unambiguous. Plaintiff is entitled only to those fees accrued prior to his acceptance
5  of the offer of judgement. Therefore, it is unreasonable to award: (1) the $1026.50 in fees
6  billed after July 2, 2010 and (2) the $568.00 in supplemental fees, which were also billed
7  after July 2, 2010.

8  The Court turns next to the reasonableness of the fees requested. Having carefully
9  reviewed Plaintiff's itemized affidavit, the Court finds the amount of time expended on this
10 case and the rate at which Plaintiff billed those hours are reasonable, with one exception.
11 Plaintiff seeks $232.50 for clerical tasks, such as "filing" and "scheduling." However, tasks
12 which are clerical in nature are not recoverable. See, Missouri v. Jenkins, 491 U.S. 274, 288,
13 n. 10 (1989)("purely clerical or secretarial tasks should not be billed at a paralegal rate,
14 regardless of who performs them"). See also, Schrum v. Burlington Northern Santa Fe
15 Railway Co., 2008 U.S. Dist. LEXIS 43184, * 32 (D. Ariz. May 29, 2008). Therefore, the
16 $232.50 sought for these tasks cannot be awarded. This Court awards the remaining
17 $3,435.50 in attorney's fees and $425.00 in court costs.

18 **Accordingly,**

19 **IT IS HEREBY ORDERED** Granting in Part and Denying in Part Plaintiff's Motion
20 for Attorney's Fees

21 **IT IS FURTHER ORDERED** awarding Plaintiff $3,435.50 in Attorney's Fees;
22 / / /

**IT IS FURTHER ORDERED** awarding Plaintiff $425.00 in Court Costs;

**DATED this 10th day of December, 2010.**

Mary H. Murguia
United States District Judge